# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| South Carolina Electric & Gas Company,<br><br>  Plaintiff,<br><br>v.<br><br>Swain E. Whitfield, in his official capacity as Chairman of the South Carolina Public Service Commission; Comer H. Randall, in his official capacity as Commissioner of the South Carolina Public Service Commission; John E. Howard, in his official capacity as Commissioner of the South Carolina Public Service Commission; Elliott F. Elam, Jr., in his official capacity as Commissioner of the South Carolina Public Service Commission; Elizabeth B. Fleming, in her official capacity as Commissioner of the South Carolina Public Service Commission; Robert T. Bockman, in his official capacity as Commissioner of the South Carolina Public Service Commission; G. O'Neal Hamilton, in his official capacity as Commissioner of the South Carolina Public Service Commission,<br><br>  Defendants. | Case No. 3:18-CV-01795-JMC |

## MOTION FOR PRELIMINARY INJUNCTION AND FOR CONSOLIDATION OF PRELIMINARY INJUNCTION HEARING WITH A TRIAL ON THE MERITS

Plaintiff South Carolina Electric & Gas Company ("SCE&G") hereby moves for a preliminary injunction to preserve the status quo, stay the effect of the 2018 South Carolina Laws Act 287 (H.B. 4375) (the "Act"), which became law on June 28, 2018, and enjoin the State or any instrument of the State from instituting or implementing any of the Act's provisions, including its mandated retail electric rate reduction and refund provisions, until further order of

the Court. The Act is unconstitutional. It (a) redefines SCE&G's property rights and mandates rate reduction to confiscatory levels; (b) identifies, imposes guilt, and punishes SCE&G in violation of the Bill of Attainder Clause; (c) is an arbitrary use of retroactive legislation, designed to impose costs on a politically unpopular company in violation of SCE&G's rights to substantive due process; and (d) withdraws SCE&G's right to notice and a hearing in violation of procedural-due-process requirements.

An order enjoining implementation of the Act is critical to avoiding the irreparable harm SCE&G will face absent such an injunction. This harm includes certain loss of substantial sums that, in light of sovereign immunity, will never be recovered in the event the Act is declared unconstitutional; substantial risk of impairing SCE&G's access to credit markets as is critical to its ongoing operations; and the risk of wide fluctuations in customer rates of the sort that basic principles of utility ratemaking prohibit. This risk of harm is real and imminent. Particularly considering SCE&G's willingness to place in escrow the funds that would otherwise be taken from SCE&G by operation of the Act, pending the Court's resolution of SCE&G's request for declaratory judgment and injunctive relief, an injunction maintaining the status quo is imminently reasonable. In these circumstances, there is virtually no risk of harm to Defendants, or any other party interested in enforcement of the Act, and this modest preliminary injunction would facilitate a prompt resolution of the grave constitutional issues raised in this case.

To minimize any lingering risk of harm to others, in accordance with Federal Rule of Civil Procedure 65(c), SCE&G is willing and able to provide security in an amount this Court determines appropriate. In light of SCE&G's willingness to hold the proposed rate reduction in escrow, no bond should be required. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F. 3d 411, 421 (4th Cir. 1999) (court have "discretion to set the bond amount in such a sum as the

1

court deems proper," which should reflect "the gravity of the potential harm to the enjoined party"). At most, given the serious risk of unconstitutionally-imposed harm to SCE&G, no more than a nominal bond should be imposed. *Hassay v. Mayor*, 955 F. Supp. 2d 505, 527 (D. Md. 2013) (requiring only nominal bond from violinist who challenged constitutionality of city noise ordinance because the "cost suffered by city officials" during the injunction "would be minimal or nonexistent").

SCE&G further requests, pursuant to Rule 65(a)(2), that the Court expedite proceedings in this case and that this motion be consolidated with a trial on the merits, to be held within 30 days. Expedited conclusion of this matter is critical to SCE&G, and it is equally important to ratepayers of South Carolina and the Defendants.

Respectfully submitted this 2nd day of July, 2018.

/s Steven J. Pugh
Steven J. Pugh (Fed. ID No. 7033)
Benjamin P. Carlton (Fed. ID No. 11797)
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400
spugh@richardsonplowden.com
bcarlton@richardsonplowden.co

and

I.S. Leevy Johnson (Fed. ID No. 2194)
George Craig Johnson (Fed. ID No. 6538)
JOHNSON, TOAL & BATTISTE, P.A.
Post Office Box 1431
Columbia, South Carolina 29202
(803) 252-9700
islg@jtbpa.com
George@jtbpa.com

and

2

David L. Balser (*pro hac vice* forthcoming)
Ashley C. Parrish (*pro hac vice* forthcoming)
Jonathan R. Chally (*pro hac vice* forthcoming)
KING & SPALDING, LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309
(404) 572-4600
 dbalser@kslaw.com
 jchally@kslaw.com

ATTORNEYS FOR SOUTH CAROLINA
ELECTRIC & GAS COMPANY

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civ. Rule 7.02 (D.S.C.), the undersigned affirms that prior to filing this motion that he consulted with opposing counsel in a good faith effort to resolve the matter contained in the motion. At this time, counsel for the Defendants is unable to consent to the requested relief.

/s Steven J. Pugh
Steven J. Pugh (Fed. ID No. 7033)

4