IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF SOUTH
CAROLINA COLUMBIA DIVISION

| | |
|---|---|
| South Carolina Electric & Gas Company<br><br>                    Plaintiff,<br><br>v.<br><br>Swain E. Whitfield, in his official capacity as Chairman of the South Carolina Public Service Commission; Comer H. Randall, in his official capacity as Commissioner of the South Carolina Public Service Commission; John E. Howard, in his official capacity as Commissioner of the South Carolina Public Service Commission; Elliott F. Elam, Jr., in his official capacity as Commissioner of the South Carolina Public Service Commission; Elizabeth B. Fleming, in her official capacity as Commissioner of the South Carolina Public Service Commission; Robert T. Bockman, in his official capacity as Commissioner of the South Carolina Public Service Commission; G. O'Neal Hamilton, in his official capacity as Commissioner of the South Carolina Public Service Commission,<br><br>                    Defendants. | Case No. 3:18-CV-01795-JMC<br><br><br>NOTICE OF MOTION<br><br>AND MOTION TO INTERVENE<br><br>BY<br><br>THE HONORABLE<br>HUGH K. LEATHERMAN, SR.,<br>IN HIS OFFICIAL CAPACITY AS<br>PRESIDENT *PRO TEMPORE*<br>OF SOUTH CAROLINA SENATE |

       The Honorable Hugh K. Leatherman, Sr., in his official capacity as the President *Pro Tempore* of the South Carolina Senate (hereinafter "Senator Leatherman"), by and through his undersigned counsel, hereby moves to intervene in the above-captioned case with the permission of the Court under Rule 24(b) of the Federal Rules of Civil Procedure.

       Senator Leatherman is the President *Pro Tempore* of the Senate in the South Carolina General Assembly. Senator Leatherman seeks to intervene in this constitutional and statutory

1

challenge to portions of Act 287 (H. 4375) of the 2018 South Carolina Laws (codified, as amended, in various sections of Title 58, Chapter 33 of the South Carolina Code Annotated (hereinafter, the "Act" or "Act 287")), which became law on June 28, 2018, and Joint Resolution 285 (S. 0954) of the 2018 South Carolina Laws (hereinafter, the "Joint Resolution" or "Resolution 285"), which will become law upon the Governor's signature or by July 5, 2018, if not signed.

As the elected head of the Senate, Senator Leatherman has an official capacity and interest in defending the constitutionality of enacted and proposed legislation by the General Assembly. In addition, he has a specific interest in defending the constitutionality of Act 287 and Resolution 285 – recent legislation respecting certain utility rates and which were the subject of extensive debate in the Senate and enacted and/or proposed for the purpose of protecting the public interest. This motion to intervene is timely made in order "to secure the just, speedy, and inexpensive determination of [the] action and proceeding." Rule 1, Fed. R. Civ. Proc.

## **DISCUSSION**

### A.     The Court Has Broad Discretion to Permit Intervention by Senator Leatherman.

The Federal Rules of Civil Procedure provide two avenues for intervention, by right and by court permission. Rule 24(a) & (b), Fed. R. Civ. Proc. Under permissive intervention, the Court may allow an individual to intervene if the individual "has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1)(B), Fed. R. Civ. Proc. Where a movant seeks permissive intervention as a defendant, the movant must satisfy three requirements: (1) the motion is timely; (2) the defenses or counterclaims have a question of law or fact in common with the main action; and (3) intervention will not result in undue delay or prejudice to the existing parties. *See Savannah Riverkeeper v. U.S. Army Corps of Engineers,* No. 9:12-610-RMG, 2012 WL 13008326, at *2 (D.S.C. Aug. 14, 2012); *see also Wright v. Krispy Kreme Doughnuts, Inc.*,

2

231 F.R.D. 475, 479 (M.D.N.C. 2005); *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386, 387 (D. Md. 2004).

The Fourth Circuit has advised trial courts to construe Rule 24 liberally to allow intervention, where appropriate. *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (noting that "liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process" (citations and internal quotation marks omitted)).

**B.    Senator Leatherman Should be Permitted to Intervene in this Case Because His Interest in Defending the Constitutionality of Act 287 and Resolution 285 Shares Common Questions of Law and Fact with the Pending Case Before the Court.**

Senator Leatherman's interest in defending the constitutionality of Act 287 and Resolution 285 meets all the requirements for permissive intervention under Rule 24(b)(1)(B). First, there is no dispute that Senator Leatherman's motion is timely. The legislation was passed less than one week ago, and the challenge to the constitutionality of Act 287 and Resolution 285 was just raised. Senator Leatherman is filing his motion before any of the original Defendants have made any filings in the case and just five days after Plaintiff filed its Complaint. *See, e.g., United States v. Virginia*, 282 F.R.D. 403, 405 (E.D. Va. 2012) (holding that a motion to intervene is timely where a case has not progressed past the pleadings stage); *cf. MacGregor v. Farmers Ins. Exch.*, No. 2:10–cv–03088, 2012 WL 5380631, at *2 (D.S.C. Oct. 31, 2012) (motion to intervene untimely when filed more than five months after the passage of the court's deadline to join parties and amend the pleadings).

Similarly, Senator Leatherman's interest in defending the recently enacted legislation shares common questions of law and fact in this case. Plaintiff in this action requests that the Court declare Act 287 and Resolution 285 unconstitutional under the United States Constitution.

3

Pursuant to the authority vested in the General Assembly by Section 1, Article IX of the South Carolina Constitution, the General Assembly is required to regulate investor-owned utilities to protect the public interest. In passing Act 287 and Resolution 285, the General Assembly exercised its rights under Section 1, Article IX of the South Carolina Constitution to (1) set certain utility rates for the purpose of protecting the public interest until a determination can be made by the appropriate regulatory and judicial authorities and (2) to make other improvements to or clarifications of the rate-making process.

Senator Leatherman's interests and filings will highlight facts and raise legal arguments arising out of the same subject matter as Plaintiff's complaint and that are critical to the decision on the claims and defenses. In the case pending before the Court, Senator Leatherman has an interest in protecting and defending the constitutionality of the General Assembly's enacted and proposed legislation respecting certain utility rates for the purpose of protecting the public interest and the State's rate-making process. Therefore, Senator Leatherman has a stake in the questions of law and facts in this case and should be allowed to intervene as party. *See generally Arrington v. Elections Bd.,* 173 F. Supp. 2d 856, 859 (E.D. Wis. 2001) (allowing members of state Senate, in their official capacity, to be made parties to a § 1983 suit challenging legislature's creation of congressional districts); *DeGrandy v. Wetherell*, 794 F. Supp. 1076, 1079 (N.D. Fla. 1992) (same); *Flateau v. Anderson*, 537 F. Supp. 257, 258 (S.D.N.Y. 1982) (same).

Furthermore, Senator Leatherman's presence in the case is important because his role with respect to the legislation at issue was quite different than the role of the Defendants in the case – the commissioners of the Public Service Commission (hereinafter "PSC"). The PSC commissioners played no role in the passage of these laws nor could they under the South Carolina Constitution. Further, the PSC's authority to regulate utilities is still subject to and limited by the

4

General Assembly's constitutional authority to regulate utilities "to the extent required by the public interest." S.C. Const. art. IX, § 1.

The PSC, as the arbiter over the permanent (merits) rate proceeding for SCE&G, may feel constrained to take a more neutral posture in this lawsuit because the PSC commissioners' primary interest is in carrying out their duties within the confines of the law passed by the General Assembly. Senator Leatherman, on the other hand, has an interest in defending the Senate's constitutional authority to regulate utilities and defend the laws it passes. Particularly when Plaintiff made the statements of legislators an issue by including them in the complaint in this case, the PSC commissioners are not as equipped as Senator Leatherman to respond to the allegations and arguments relating to legislation because they did not participate in the democratic process that lead to passage.

Finally, the addition of Senator Leatherman to this action will not cause undue delay or prejudice to the original parties in this case. Because Senator Leatherman's defenses of the challenged laws largely overlap with the legal and factual issues that are already present in this action and that are required for complete adjudication of the claims and defenses, the addition of Senator Leatherman will not cause undue delay or prejudice, and his intervention may be necessary. Moreover, this intervention will not significantly complicate the proceedings or unduly expand the scope of any discovery, if any, in this case.

## **CONCLUSION**

Based on the standard for intervention under the Federal Rules of Civil Procedure and the clear basis for Senator Leatherman's interest in the issues in this action, Senator Leatherman respectfully requests an order allowing him to intervene as a party in this action.

The undersigned counsel has consulted the parties to this action and received consent from

5

all Defendants but has not heard from Plaintiff on this motion to intervene.

In accordance with Local Civil Rule 7.04 (D.S.C.), a full explanation of the motion is contained within this motion, and a memorandum or affidavit would serve no useful purpose.[1]

        Respectfully submitted by,

        WYCHE, P.A.

        s/Matthew T. Richardson
        Matthew T. Richardson (D.S.C. Id. No. 7791)
        John C. Moylan, III (D.S.C. Id. No. 5431)
        P. O. Box 12247
        Columbia, SC 29211-2247
        Phone: 803-254-6542; Fax: 803-254-6544
        jmoylan@wyche.com
        mrichardson@wyche.com

        Eric B. Amstutz (D.S.C. Id. No. 0942)
        P.O. Box 728
        Greenville, SC 29602
        Phone: 864-242-8200; Fax: 864-235-8900
        eamstutz@wyche.com

July 3, 2018

---

[1] Although Rule 24(c), states that a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought," "[t]he Fourth Circuit has noted [] that a motion to intervene that clearly spells out the intervener's position satisfies Rule 24(c), as it provides notice to the Court and the parties of the intervener's interest in the litigation." *Veasey v. Wilkins*, No. 5:14-CV-369-BO, 2015 WL 7776557, at *2 (E.D.N.C. Dec. 2, 2015) (citing *Spring Constr. Co. v. Harris,* 614 F.2d 374, 376-77 (4th Cir. 1980)). In addition, the time for Defendants to file an answer to the complaint has not passed, so it would be anomalous to require an earlier answer or other pleading by Senator Leatherman.