## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| South Carolina Electric & Gas Company, | ) | Civil Action No.: 3:18-cv-01795-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Swain E. Whitfield, in his official capacity as | ) | |
| Chairman of the South Carolina Public Service | ) | |
| Commission; Comer H. Randall, in his official | ) | |
| capacity as Commissioner of the South Carolina | ) | |
| Public Service Commission; John E. Howard, | ) | **ORDER AND OPINION** |
| in his official capacity as Commissioner of the | ) | |
| South Carolina Public Service Commission; | ) | |
| Elliott F. Elam, Jr., in his official capacity as | ) | |
| Commissioner of the South Carolina Public | ) | |
| Service Commission; Elizabeth B. Fleming, | ) | |
| in her official capacity as Commissioner of | ) | |
| the South Carolina Public Service Commission; | ) | |
| Robert T. Bockman, in his official capacity as | ) | |
| Commissioner of the South Carolina Public | ) | |
| Service Commission; and G. O'Neal Hamilton, | ) | |
| in his official capacity as Commissioner of the | ) | |
| South Carolina Public Service Commission, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court pursuant to Joseph E. Wojcicki's ("Movant") *pro se* Motion to Intervene seeking permissive intervention under Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure. (ECF No. 71 at 1.) For the reasons set out below, the court **DENIES** the Motion.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 29, 2018, SCE&G filed a Verified Complaint for Declaratory Judgment and Temporary, Preliminary, and Permanent Injunctive Relief alleging constitutional claims pursuant

to 42 U.S.C. § 1983 against the following Defendants in their official capacities as Commissioners of the South Carolina Public Service Commission ("PSC"): Swain E. Whitfield, Comer H. Randall, John E. Howard, Elliot F. Elam, Jr., Elizabeth B. Fleming, Robert T. Bockman, and G. O'Neal Hamilton (collectively, "Defendants").[1] (ECF No. 1.) On July 2, 2018, SCE&G filed a Motion for Preliminary Injunction. (ECF No. 5.) On July 3, 2018, South Carolina House of Representatives Speaker Jay Lucas ("Speaker Lucas") and South Carolina Senate President Pro Tempore Hugh K. Leatherman, Sr. ("President Leatherman") (together "Intervenor Defendants") filed Motions to Intervene (ECF Nos. 7, 8), which the court granted on July 18, 2018 (ECF No. 41). On July 5, 2018, South Carolina Attorney General Alan Wilson filed a Motion for Leave to File an Amicus Brief, which was granted based on the consent of the parties on July 12, 2018. (ECF No. 27.) On July 6, 2018, Richard Lightsey, LeBrian Cleckley, and Phillip Cooper (collectively, "Intervenor Customers"), customers of SCE&G, filed a Motion to Intervene on behalf of themselves and all others similarly situated. (ECF No. 13.) The court found that Intervenor Customers, for the purposes of this lawsuit, had neither an interest in the subject matter of the litigation, as required for intervention as a matter of right, nor a common question of law or fact, as required for permissive intervention, and as a result, the court denied the Intervenor Customer's Motion. (ECF No. 40.)

In light of the Motion for Preliminary Injunction, the court entered an Order setting an expedited schedule for this case. (ECF No. 21.) Pursuant to the expedited scheduling order, "any motions to dismiss must be filed by all parties by July 20, 2018." (*Id.*) Defendants and Intervenor

---

[1] On July 1, 2018, the terms of former Defendants Robert T. Bockman and Elizabeth Fleming expired. Thomas J. Ervin began his term as a Commissioner of the South Carolina Public Service Commission, and Cromer H. Randall became the Chairman of the South Carolina Public Service Commission. Pursuant to Federal Rule of Civil Procedure 25(d), Plaintiff substituted the parties accordingly in its Amended Verified Complaint. (*Compare* ECF No. 1 *with* ECF No. 68.)

Defendants all filed Motions to Dismiss.[2] (ECF Nos. 48, 50, 52.) On July 26, 2018, the court granted in part and denied in part the Motions to Dismiss and granted SCE&G leave until 3:00 p.m. on July 27, 2018, to file an amended complaint. (ECF No. 67.)

On July 27, 2018, SCE&G filed its Amended Verified Complaint for Declaratory Judgment and Temporary, Preliminary, and Permanent Injunctive Relief against Defendants Cromer H. Randall, Swain E. Whitfield, John E. Howard, Elliot F. Elam, Jr., G. Hamilton O'Neal, and Thomas J. Ervin, Jr., commissioners of the PSC. (ECF No. 68.) SCE&G challenges the constitutionality of both Act 287 and Resolution 285, asserting that the elimination of the rate increases violates SCE&G's constitutional rights and "impermissibly interfere[s] with interstate commerce." (*Id.* at 2 ¶ 2.) On July 27, 2018, Movant filed this Motion to Intervene. (ECF No. 71.)

## II.    LEGAL STANDARD

Pursuant to Rule 24(b)(1)(B), the court may grant permissive intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Permissive intervention is left to the broad discretion of the Court and should be construed liberally in favor of intervention." *Savannah Riverkeeper v. U.S. Army Corps of Eng'rs*, No. CV 9:12-610-RMG, 2012 WL 13008326, at *2 (D.S.C. Aug. 14, 2012). "Among the factors a Court should consider in passing upon a motion for permissive intervention includes (1) the timeliness of the motion; (2) the presence of a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice the original parties." *Id.* (citing *Backus v. S.C.*, No. 3:11-cv-03120-HFF-MBS-PMD, 2012 WL 406860, at *2 (D.S.C. Feb. 8, 2012)); *but see S.C. Coastal Conservation League v. Pruitt,* No. 18-CV-330-DCN, 2018

---

[2] Attorney General Wilson filed an amicus brief in support of Defendants and Intervenor Defendants' Motions to Dismiss. (ECF No. 54.)

WL 2184395, at *3 (D.S.C. May 11, 2018) (adding a fourth prong that "there must be an independent ground of subject matter jurisdiction.") (citing *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386, 387 (D. Md. 2004)).

"In order to properly determine whether a motion to intervene in a civil action is sufficiently timely, a trial court in [the Fourth Circuit] is obliged to assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014) (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989)).

Movant is a *pro se* litigant, so the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence).

### III.    ANALYSIS

As stated above, whether a party is allowed to permissively intervene is left to the discretion of the court. *See Savannah Riverkeeper*, 2012 WL 13008326, at *2. Taking into consideration the factors for permissive intervention, the court finds that Movant will not be allowed to permissively intervene in this case.

As a threshold matter, Movant's Motion to Intervene (ECF No. 13) is not timely. "Rule 24 is silent as to what constitutes a timely application and the question must therefore be answered in each case by the exercise of the sound discretion of the court." *Black v. Cent. Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974) (citing *Roberts v. Kimbrough*, 206 F.2d 257 (4th Cir. 1953); *Simms v. Andrews*, 118 F.2d 803 (10th Cir. 1941); 2 W. Barron & A. Holtzoff,

Federal Practice and Procedure § 594, at 364-65 (1961); 3B J. Moore, *Federal Practice* P24.13, at 24-521 (2d ed. 1974); Wright & Miller, *Federal Practice and Procedure*: Civil 1916 (1972)). While a relatively short period of time has elapsed since the commencement of this suit, the suit has progressed significantly in that time. The court has already heard and ruled on Defendants and Intervenor Defendants' Motions to Dismiss. (*See* ECF No. 67.)

Moreover, Movant does not satisfy the remaining elements for permissive intervention. Permissive intervention is appropriate when an intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Movant has asserted extensive knowledge of the case, but Movant has not alleged any claims or defenses which have a common question of law or fact with the original litigation. (ECF No. 68.) The original litigation surrounds the constitutionality of Act 287 and Resolution 285, but none of Movant's allegations address the constitutionality of the legislation. (ECF No. 71.) Additionally, Movant's intervention in this suit would cause "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). SCE&G filed a Motion for Preliminary Injunction (ECF No. 5), and the court granted an expedited schedule in this case (ECF No. 21). Movant filed his Motion on the Friday before the preliminary injunction hearing. Allowing Movant to intervene now would require the court to delay its proceedings and would unduly delay and prejudice the adjudication of the original parties' rights. Therefore, the court will not allow Movant to intervene under Rule 24(b).

## IV.    CONCLUSION

For the reasons stated above, the court **DENIES** Movant's Motion to Intervene (ECF No. 71).

**IT IS SO ORDERED.**

_J. Michelle Childs_

United States District Judge

July 28, 2018
Columbia, South Carolina