# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| South Carolina Electric & Gas Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Cromer H. Randall, in his official capacity ) <br> as Chairman of the South Carolina Public ) <br> Service Commission; Swain E. Whitfield, in ) <br> his official capacity as Commissioner of the ) <br> South Carolina Public Service Commission; ) <br> John E. Howard, in his official capacity as ) <br> Commissioner of the South Carolina Public ) <br> Service Commission; Elliot F. Elam, Jr., in his ) <br> official capacity as Commissioner of the ) <br> South Carolina Public Service Commission; ) <br> G. O'Neal Hamilton, in his official capacity ) <br> as Commissioner of the South Carolina ) <br> Public Service Commission; and Thomas J. ) <br> Ervin, in his official capacity as Commissioner ) <br> of the South Carolina Public Service Commission, ) <br> ) <br> Defendants.[1] ) <br> ) | Civil Action No.: 3:18-cv-01795-JMC <br><br><br><br><br> **ORDER AND OPINION** <br> **DENYING SCE&G'S** <br> **EXPEDITED MOTION FOR** <br> **INJUNCTION PENDING** <br> **APPEAL** |

This matter is before the court pursuant to Plaintiff South Carolina Electric & Gas Company's ("SCE&G") Expedited Motion for an Injunction Pending Appeal (ECF No. 102). SCE&G moves under Rule 62(c) of the Federal Rules of Civil Procedure for an injunction pending resolution of its forthcoming appeal of this court's Order and Opinion Denying SCE&G's Motion for Preliminary Injunction (ECF No. 101) to the United States Court of

---

[1] On July 1, 2018, the terms of former Defendants Robert T. Bockman and Elizabeth Fleming expired; Thomas J. Ervin began his term as a Commissioner of the South Carolina Public Service Commission; and, Cromer H. Randall became the Chairman of the South Carolina Public Service Commission. Pursuant to Federal Rule of Civil Procedure 25(d), Plaintiff substituted the new Defendants accordingly in its Amended Verified Complaint. (*Compare* ECF No. 1, *with* ECF No. 68.)

Appeals for the Fourth Circuit.

As a result of this court's Order denying SCE&G's motion for preliminary injunction (ECF No. 101), Defendants, Swain E. Whitfield, Comer H. Randall, John E. Howard, Elliot F. Elam, Jr., Thomas J. Ervin, and G. O'Neal Hamilton (collectively, "Defendants"), in their official capacities as the Commissioners of the South Carolina Public Service Commission ("PSC") will implement (1) Act of June 28, 2018, 2018 South Carolina Laws Act 287 (H.B. 4375) ("Act 287") and (2) Joint Resolution of July 2, 2018, 2018 South Carolina Laws Resolution 285 (S. 0954) ("Resolution 285") (together the "Act"), which SCE&G alleges will cause it irreparable harm. (ECF No. 102 at 1-2.)

For the reasons below, the court **DENIES** SCE&G's Expedited Motion for an Injunction Pending Appeal (ECF No. 102).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 29, 2018, SCE&G filed its Verified Complaint for Declaratory Judgment and Temporary, Preliminary, and Permanent Injunctive Relief against Defendants pursuant to 42 U.S.C. § 1983, challenging the constitutionality of both Act 287 and Resolution 285. (ECF No. 1 at 2 ¶ 2), which amended the Base Load Review Act, S.C. Code Ann. § 58-33-210 *et seq.* (2015) ("BLRA").

On July 2, 2018, SCE&G moved for a preliminary injunction based on its constitutional claims. (ECF No. 5.) On July 16, 2018, Defendants filed opposition to SCE&G's Motion for Preliminary Injunction. (ECF No. 31.) On July 20, 2018, Defendants and South Carolina House of Representatives Speaker Jay Lucas and South Carolina Senate President Pro Tempore Hugh K. Leatherman, Sr. (together "Intervenor Defendants") filed Motions to Dismiss pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 48, 50, 52.) On July 23,

2018, South Carolina Attorney General Wilson filed an Amicus Brief opposing SCE&G's Motion for Preliminary Injunction (ECF No. 54).[2] On July 25, 2018, Intervenor Defendants South Carolina House of Representatives Speaker Jay Lucas and South Carolina Senate President Pro Tempore Hugh K. Leatherman, Sr. (together "Intervenor Defendants") filed opposition to the Motion for Preliminary Injunction. (ECF Nos. 59, 61.)[3] On July 27, 2018, SCE&G filed a Verified Amended Complaint, renewing its request that the court: (1) "Enter a declaratory judgment declaring Act 287 and Resolution 285 are unconstitutional in that they constitute an unlawful taking[,] violate the substantive and procedural components of the Due Process Clause, and constitute an unlawful bill of attainder" and (2) "Enter a temporary, preliminary and permanent injunction directing the Chairman and Commissioners of the PSC, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, to refrain from implementing Act [287] and Joint Resolution [285]." (ECF No. 68 at 53.)

The court heard the parties' arguments regarding the Preliminary Injunction during a hearing on July 30–31, 2018. (ECF Nos. 92, 95.)

On August 1, 2018, SCE&G filed a Reply to the Opposition Briefs to its Motion for Preliminary Injunction. (ECF No. 96.)

On August 6, 2018, the court denied SCE&G's Motion for Preliminary Injunction (ECF No. 5.)

On August 7, 2018, SCE&G filed this Motion (ECF No. 102).

---

[2] On July 5, 2018, Attorney General Wilson moved to file an Amicus Brief (ECF No. 10) and the court granted Attorney General Wilson's Motion on July 12, 2018. (ECF Nos. 27, 87.)
[3] On July 18, 2018, the court granted Motions to Intervene filed by Intervenor Defendants. (ECF Nos. 41, 82.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 62(c), a court may "suspend, modify, restore, or grant" an injunction while an interlocutory appeal regarding the injunction is pending. Fed. R. Civ. P. 62(c). When considering whether to stay an order pending appeal under Rule 62(c), courts consider "(1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).[4]

## III. ANALYSIS

SCE&G asserts it is entitled to an injunction pending appeal "for the same reasons stated in its earlier motion for a preliminary injunction." (ECF No. 102 at 3.) SCE&G further contends "the [c]ourt did not address SCE&G's argument that the retroactive re-definition of 'prudency' by the Act deprived SCE&G of its due process rights." (ECF No. 102 at 2-3.) SCE&G also "requests expedited review and consideration of this motion, because such consideration is in the interest of justice given the substantial showing of irreparable harm that SCE&G has made and the imminent imposition of rates that SCE&G contends are confiscatory." (ECF No. 102 at 3.)

The court denied SCE&G's motion for an injunction because it did not clearly show it was likely to succeed on the merits of any of its claims. (ECF No. 101 at 33); *see also Pashby v. Delia*, 709 F.3d 307, 321 (4th Cir. 2013) (citing *Winter v. Na'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)) ("[P]laintiffs seeking preliminary injunctions must demonstrate that they are likely to succeed on the merits."). Because SCE&G failed to make this showing, the court declined to address the other elements for injunctive relief. *See La Union Del Pueblo Entero v. Fed.*

---

[4] "[M]otions for an injunction pending appeal are governed by the same standard as motions for stay pending appeal . . . ." *McCammon v. United States*, 584 F. Supp. 2d 193, 196 (D.D.C. 2008).

*Emergency Mgmt. Agency*, 608 F.3d 217, 225 (5th Cir. 2010) ("Because we have determined that Plaintiffs cannot show a substantial likelihood of success on the merits, we need not address FEMA's additional arguments regarding the other necessary elements for preliminary injunctive relief. The holding on the initial element is sufficient to vacate the injunction."); *Coleman v. Chase Bank*, C/A No. 3:14-cv-101, 2014 WL 2533400, at *3 (E.D. Va. June 5, 2014) ("Because Plaintiffs cannot show a likelihood of success on the merits, the Court need not address the remaining factors.").

In its Expedited Motion for an Injunction Pending Appeal, SCE&G does not advance any new arguments as to the merits of its claims. (ECF No. 102.)[5] To determine whether SCE&G is entitled to an injunction pending appeal requires the court "to engage in the same analysis that it does in reviewing the grant or denial of a motion for a preliminary injunction." *Overstreet v.*

---

[5] As previously stated, SCE&G alleges "the [c]ourt did not address SCE&G's argument that the retroactive re-definition of 'prudency' by the Act deprived SCE&G of its due process rights." (ECF No. 102 at 2-3.) In its preliminary injunction motion, SCE&G argued, "The Act attaches new legal rights and consequences to events and actions that have already happened, including by re-defining 'prudency,' a critical term under the BLRA establishing what is, and is not, subject to capital cost recovery." (ECF No. 5-1 at 27.) However, the BLRA did not define "prudency," so the Act cannot "re-defin[]" "prudency." (ECF No. 102 at 2-3.) Instead, the Act provides the first definition of the term "prudency" and "imprudency" as related to the BLRA. "Altering statutory definitions, or adding new definitions of terms previously undefined, is a common way of amending statutes, and simply does not answer the retroactivity question." *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 308 (1994). Neither does the Act's definition of "prudency" in this case answer the retroactivity question. SCE&G argues, "The definition of 'prudent' . . . is explicitly not related to concepts of 'negligence, carelessness, or recklessness,' which leaves entirely unclear the standard that the PSC should impose under this new definition." (ECF No. 5-1 at 26 n.10.) However, the same was true before passage of the Act because the BLRA did not define "prudency," also leaving unclear the standard that the PSC should impose when making prudency determinations. Therefore the Act does not "attach[] new legal consequences to events completed before its enactment." *Langraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994). Moreover, the PSC has yet determine whether SCE&G's decision to abandon the nuclear plant's construction was prudent or imprudent; those issues are currently pending before the PSC. Based on the foregoing, the court finds SCE&G has not made a clear showing it is likely to succeed on the merits of either of its due process claims based on the Act's definition of "prudency."

*Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 572 (6th Cir. 2002); *see also Amgen Inc. v. Azar*, C/A No. 17-cv-1006, 2018 WL 1990521, at *1 (D.D.C. Feb. 22, 2018) ("The standards for evaluating a motion for an injunction pending appeal are 'substantially the same as those for issuing a preliminary injunction.'" (quoting *Al–Anazi v. Bush*, 370 F. Supp. 2d 188, 199 n.11 (D.D.C. 2005))). But because SCE&G advances no new arguments on its claims, the court finds SCE&G has not clearly shown it is likely to succeed on the merits of its claims for the same reasons stated in the court's order denying SCE&G's motion for preliminary injunction. (ECF No. 101.)

## IV. CONCLUSION

For the reasons discussed above, the court **DENIES** SCE&G's Expedited Motion for an Injunction Pending Appeal (ECF No. 102).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 7, 2018
Columbia, South Carolina