IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| South Carolina Electric & Gas Company, | ) | |
| | ) | C.A. No. 3:18-cv-01795-JMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Comer H. Randall, in his official capacity | ) | |
| as Chairman of the South Carolina Public | ) | |
| Service Commission; Swain E. Whitfield, | ) | |
| in his official capacity as Commissioner of | ) | **DEFENDANTS' ANSWER TO** |
| the South Carolina Public Service | ) | **PLAINTIFF'S FIRST AMENDED** |
| Commission; John E. Howard, in his | ) | **COMPLAINT AND AFFIRMATIVE** |
| official capacity as Commissioner of the | ) | **DEFENSES** |
| South Carolina Public Service | ) | |
| Commission; Elliott F. Elam, Jr., in his | ) | |
| official capacity as Commissioner of the | ) | |
| South Carolina Public Service | ) | |
| Commission; G. O'Neal Hamilton, in his | ) | |
| official capacity as Commissioner of the | ) | |
| South Carolina Public Service | ) | |
| Commission; and Thomas J. Ervin, in his | ) | |
| official capacity as Commissioner of the | ) | |
| South Carolina Public Service | ) | |
| Commission. | ) | |
| | ) | |
| Defendants. | ) | |

The Defendants, Comer H. Randall, et al., ("Commissioners") hereby generally deny each and every allegation of the Plaintiff's (SCE&G") First Amended Complaint, except as may be specifically admitted herein. The Commissioners as members of the South Carolina Public Service Commission ("PSC" or "Commission") are subject to and governed by the South Carolina Code of Judicial Conduct and are, therefore, constrained from offering arguments, defenses, or answers in this civil action that may prematurely judge certain determinative issues in proceedings currently before the Commission. *See*, S.C. Code Ann. § 58-3-30. Accordingly,

the admissions, denials, other responses, and affirmative defenses set forth herein are only for the purposes of and strictly limited to this civil action and not predeterminative of any matters pending before the Commission. The Defendants hereby answer the specific allegations of the Plaintiff's First Amended Complaint, according to the numbered paragraphs thereof, as follows:

1.    Denied.  The Commissioners admit only that SCE&G invested in constructing two new nuclear power facilities and that the Commission issued a series of orders respecting these facilities.

2.    Denied.  The Commissioners admit only that the General Assembly enacted Act 287 and Resolution 285 of 2018.

3.    Denied.

4.    Denied.

5.    Denied.

6.    Denied.  The Commissioners admit only that the Commission is a regulatory agency with some authority over SCE&G's retail rates and has reviewed SCE&G's plans provided to it with respect to the facilities, approved certain construction budgets and costs incurred, and authorized SCE&G to recover from its customers certain financing costs associated with the construction.

7.    Denied.  The Commissioners admit only that their actions as set forth in response to allegation No. 6 were authorized under the BLRA.

8.    Denied. The Commissioners admit only that Act 16 speaks for itself and the Commissioners would refer to the text of the Act in response to this allegation.

9.    Denied; except the Commissioners admit only that those approved rate increases, reflecting financing costs already incurred by SCE&G, total approximately $37 million per month.

10.    Denied.  The Commissioners admit only that Act 287 speaks for itself and the

Commissioners would refer to the text of the Act in response to this allegation.

11.    Denied.  The Commissioners admit only that Act 287 speaks for itself and the Commissioners would refer to the text of the Act in response to this allegation.

12.    Denied.

13.    Denied.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Denied.  The Commissioners admit only that they are collectively and officially involved in taking actions to implement portions of the Act, but expressly deny that they violated SCE&G's constitutional rights.

18.    Denied based on the reasons set forth by the Commissioners in their motions to dismiss; however, the Commissioners acknowledge the Court has denied these motions and determined it has jurisdiction.

19.    The appropriateness of venue in this Court is admitted.

20.    Admitted on information and belief.

21.    Admitted on information and belief.

22.    Admitted on information and belief.

23.    Denied.

24.    Admitted on information and belief.

25.    Admitted on information and belief, except it is denied that the rate-case process was impractical for the construction of nuclear units.

26.    Denied.

27.    Admitted on information and belief; except the Commissioners expressly deny that "[a]s a result, customers paid higher costs for decades."

28.    Denied; except it is admitted that a utility would have less cash to pay debt service on newly issued bonds or to generate earnings.

29.    Denied.

30.    Denied.

31.    The Commissioners admit only that the BLRA was enacted by the South Carolina General Assembly in 2007.

32.    Admitted on information and belief.

33.    Admitted.

34.    Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

35.    Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

36.    Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

37.    Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

38.    Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

39.    Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

40.    Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

41.    Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

42.    Denied as alleged; the BLRA speaks for itself and the Commissioners would refer

to the text of the BLRA in response to this allegation.

43.     Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

44.     Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

45.     Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

46.     Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

47.     Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

48.     Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

49.     Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

50.     Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

51.     Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

52.     Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

53.     Denied as alleged; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

54.     Admitted on information and belief.

55.     Admitted on information and belief.

56.    Denied; except it is admitted that the imposition of material costs on future carbon emissions was possible.

57.    Admitted on information and belief.

58.    Denied; the Commissioners lack sufficient information regarding SCE&G's analysis.

59.    Denied.

60.    The Commissioners are without information concerning SCE&G's basis for its conclusions, motivations or internal state of mind, and therefore the allegation is denied.

61.    The Commissioners are without information concerning SCE&G's basis for its conclusions, motivations or internal state of mind, and therefore the allegation is denied.

62.    The Commissioners are without information concerning SCE&G's basis for its conclusions, motivations or internal state of mind, and therefore the allegation is denied.

63.    The Commissioners are without information concerning SCE&G's basis for its conclusions, motivations or internal state of mind, and therefore the allegation is denied.

64.    Admitted.

65.    Admitted.

66.    Denied as alleged; the Combined Application speaks for itself and the Commissioners would refer to the hearing record in response to this allegation.

67.    Denied as alleged; the Combined Application speaks for itself and the Commissioners would refer to the hearing record in response to this allegation.

68.    Denied as alleged; the Combined Application speaks for itself and the Commissioners would refer to the hearing record in response to this allegation.

69.    Denied as alleged; the Combined Application speaks for itself and the Commissioners would refer to the hearing record in response to this allegation.

70.    Denied as alleged; the Combined Application speaks for itself and the

Commissioners would refer to the hearing record in response to this allegation.

71.    Denied as alleged; the Combined Application speaks for itself and the Commissioners would refer to the hearing record in response to this allegation.

72.    Denied as alleged; the Combined Application speaks for itself and the Commissioners would refer to the hearing record in response to this allegation.

73.    Denied as alleged; the Combined Application speaks for itself and the Commissioners would refer to the hearing record in response to this allegation.

74.    Denied as alleged; the Combined Application speaks for itself and the Commissioners would refer to the hearing record in response to this allegation.

75.    Admitted.

76.    Denied as alleged; the PSC hearing record speaks for itself and the Commissioners would refer to the hearing record in response to this allegation.

77.    Denied as alleged; the PSC hearing record speaks for itself and the Commissioners would refer to the hearing record in response to this allegation.

78.    Denied as alleged; the PSC hearing record speaks for itself and the Commissioners would refer to the hearing record in response to this allegation.

79.    Denied as alleged; the PSC hearing record speaks for itself and the Commissioners would refer to the hearing record in response to this allegation.

80.    Denied as alleged; the Commissioners admit only that the PSC entered Order No. 2009-104(A) and the Order speaks for itself and the Commissioners would refer to the Order in response to this allegation.

81.    Admitted.

82.    Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged

facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

83.     Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

84.     Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

85.     Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

86.     Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

87.     Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged

facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

88.     Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

89.     Denied as stated; the EPC Contract speaks for itself and the Commissioners would refer to the text of the EPC Contract in response to this allegation.

90.     Denied as stated; the EPC Contract speaks for itself and the Commissioners would refer to the text of the EPC Contract in response to this allegation.

91.     Denied as stated; the EPC Contract speaks for itself and the Commissioners would refer to the text of the EPC Contract in response to this allegation.

92.     Denied as stated; the EPC Contract speaks for itself and the Commissioners would refer to the text of the EPC Contract in response to this allegation.

93.     Denied as stated; the EPC Contract speaks for itself and the Commissioners would refer to the text of the EPC Contract in response to this allegation.

94.     Denied as stated; the EPC Contract speaks for itself and the Commissioners would refer to the text of the EPC Contract in response to this allegation.

95.     Denied as stated; the EPC Contract speaks for itself and the Commissioners would refer to the text of the EPC Contract in response to this allegation.

96.     Admitted.

97.     Denied as stated; the 2012 Petition for Updates speaks for itself and the Commissioners would refer to the text of the Petition and PSC Order thereon in response to this allegation.

98.    Denied as stated; the 2012 Petition for Updates speaks for itself and the Commissioners would refer to the text of the Petition and PSC Order thereon in response to this allegation.

99.    Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

100.    Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

101.    Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

102.    Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

103.    Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before

the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

104.    Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

105.    Denied as stated; the 2015 Petition for Updates speaks for itself and the Commissioners would refer to the text of the Petition and the PSC Order thereon in response to this allegation.

106.    Denied as stated; the 2015 Petition for Updates speaks for itself and the Commissioners would refer to the text of the Petition and the PSC Order thereon in response to this allegation.

107.    Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

108.    Denied; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

109.    Denied; factual issues relating to SCE&G's selection and oversight of

Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues.

110.    Admitted on information and belief.

111.    Denied as stated; factual issues relating to SCE&G's selection and oversight of Westinghouse and the construction of V.C. Summer Units 2 and 3 are currently pending before the Commission and it would not be appropriate for the Commissioners to admit the alleged facts, or to speculate about the basis of SCE&G's conclusions, SCE&G's state of mind, or motivations relating to the issues, and the EPC Contract speaks for itself and the Commissioners would refer to the text of the EPC Contract in response to this allegation.

112.    Denied as stated; the EPC Contract speaks for itself and the Commissioners would refer to the text of the EPC Contract in response to this allegation.

113.    Denied as stated; the EPC Contract speaks for itself and the Commissioners would refer to the text of the EPC Contract in response to this allegation.

114.    Denied as stated; the EPC Contract speaks for itself and the Commissioners would refer to the text of the EPC Contract in response to this allegation.

115.    Denied as stated; the 2016 Petition for Updates speaks for itself and the Commissioners would refer to the text of the Petition in response to this allegation.

116.    Denied as stated; the 2016 Petition for Updates speaks for itself and the Commissioners would refer to the text of the Petition in response to this allegation.

117.    Denied as stated; the 2016 Petition for Updates speaks for itself and the Commissioners would refer to the text of the Petition in response to this allegation.

118.    Denied as stated; PSC Order No. 2016-794 speaks for itself and the Commissioners would refer to the text of the Order in response to this allegation.

119.    Denied as stated; PSC Order No. 2016-794 speaks for itself and the Commissioners would refer to the text of the Order in response to this allegation.

120.    Admitted on information and belief.

121.    Denied; except it is admitted that only SCE&G sought approval for the project from the PSC and applied for a base load review order.

122.    Admitted on information and belief.

123.    Admitted on information and belief.

124.    Admitted on information and belief.

125.    Admitted.

126.    Denied; the Commissioners are without sufficient information as to whether the ORS identified material amounts imprudently expended or its beliefs and on that basis the allegation is denied.

127.    Denied as stated; the ORS reports speak for themselves and the Commissioners would refer to the text of the reports in response to this allegation.

128.    Admitted.

129.    Admitted; except this allegation is denied with respect to 2017.

130.    Denied as stated; the PSC Order speaks for itself and the Commissioners would refer to the text of the Order in response to this allegation.

131.    Denied as stated; the PSC Order speaks for itself and the Commissioners would refer to the text of the Order in response to this allegation.

132.    Denied as stated; the PSC Order speaks for itself and the Commissioners would refer to the text of the Order in response to this allegation.

133.    Denied as stated; the PSC Order speaks for itself and the Commissioners would refer to the text of the Order in response to this allegation.

134.    Denied as stated; the PSC Order speaks for itself and the Commissioners would

refer to the text of the Order in response to this allegation.

135.    Denied as stated; the PSC Order speaks for itself and the Commissioners would refer to the text of the Order in response to this allegation.

136.    Denied as stated; the PSC Order speaks for itself and the Commissioners would refer to the text of the Order in response to this allegation.

137.    Denied as stated; the PSC Order speaks for itself and the Commissioners would refer to the text of the Order in response to this allegation.

138.    Denied as stated; the PSC Order speaks for itself and the Commissioners would refer to the text of the Order in response to this allegation.

139.    Denied as stated; the PSC Order speaks for itself and the Commissioners would refer to the text of the Order in response to this allegation.

140.    Admitted.

141.    Admitted; except the Commissioners deny, on the grounds that it calls for a legal conclusion, that the orders are now final.

142.    The Commissioners lack sufficient information to admit SCE&G's evaluation of "key risk factor" and on that basis deny this allegation.

143.    Admitted on information and belief.

144.    Denied for lack of sufficient information.

145.    Admitted on information and belief.

146.    Denied; the ORS press release speaks for itself and the Commissioners would refer to the text of the ORS press release in response to this allegation.

147.    Denied as stated; the Commissioners lack sufficient information to admit or deny the motivations or decisions of individual investors.

148.    Denied for lack of sufficient information.

149.    Denied for lack of sufficient information.

150.    Denied for lack of sufficient information.

151.    Denied for lack of sufficient information.

152.    Denied for lack of sufficient information.

153.    Denied for lack of sufficient information.

154.    Denied for lack of sufficient information.

155.    Denied for lack of sufficient information.

156.    Denied for lack of sufficient information.

157.    Denied for lack of sufficient information, except it is admitted only that on July 31, 2017, Santee Cooper announced it was suspending construction of the Project as a result of Westinghouse's anticipated rejection of the EPC Contract.

158.    Denied; except it is admitted only that SCE&G announced it would cease construction of the Units and request recovery of its abandoned costs.

159.    Admitted.

160.    Admitted.

161.    Admitted.

162.    Admitted.

163.    Admitted.

164.    Denied for lack of sufficient information; except it is admitted only that SCE&G voluntarily withdrew its Petition.

165.    Denied for lack of sufficient information.

166.    Denied for lack of sufficient information.

167.    Denied for lack of sufficient information.

168.    Denied as stated; the newspaper article speaks for itself and the Commissioners would refer to the text of the article in response to this allegation.

169.    Denied as stated; the newspaper article speaks for itself and the Commissioners

would refer to the text of the article in response to this allegation.

170.    Denied as stated; the newspaper article speaks for itself and the Commissioners would refer to the text of the article in response to this allegation.

171.    Denied as stated; the newspaper article speaks for itself and the Commissioners would refer to the text of the article in response to this allegation.

172.    Denied as stated; the newspaper article speaks for itself and the Commissioners would refer to the text of the article in response to this allegation.

173.    Denied as stated; the tweets speak for themselves and the Commissioners would refer to the text of the tweets in response to this allegation.

174.    Denied as stated; the tweets speak for themselves and the Commissioners would refer to the text of the tweets in response to this allegation.

175.    Denied as stated; the news article speaks for itself and the Commissioners would refer to the text of the article in response to this allegation.

176.    Denied as stated; the news article speaks for itself and the Commissioners would refer to the text of the article in response to this allegation.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied as stated; the Act speaks for itself and the Commissioners would refer to the text of the Act in response to this allegation.

183.    Denied as stated; the Act speaks for itself and the Commissioners would refer to the text of the Act in response to this allegation.

184.    This allegation calls for a legal conclusion and on that basis it is denied.

185.    Denied as stated; the Act speaks for itself and the Commissioners would refer to the text of the Act in response to this allegation.

186.    Denied as stated; the Act speaks for itself and the Commissioners would refer to the text of the Act in response to this allegation.

187.    Denied as stated; the Act speaks for itself and the Commissioners would refer to the text of the Act in response to this allegation.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied as stated; the Act speaks for itself and the Commissioners would refer to the text of the Act  and referred article in response to this allegation.

193.    Denied as stated; the Resolution speaks for itself and the Commissioners would refer to the text of the Resolution in response to this allegation.

194.    Denied as stated; the Resolution speaks for itself and the Commissioners would refer to the text of the Resolution in response to this allegation.

195.    Denied as stated; the Resolution speaks for itself and the Commissioners would refer to the text of the Resolution in response to this allegation.

196.    Denied as stated; the Resolution speaks for itself and the Commissioners would refer to the text of the Resolution in response to this allegation.

197.    Denied.

198.    Admitted.

199.    Admitted.

200.    This allegation calls for a legal conclusion and on that basis it is denied.

201.    Denied; except that it is admitted only that SCE&G filed a letter with the

Commission, which letter speaks for itself.

202.    Denied, except it is admitted only that the Commission did not consent to SCE&G's proposed Preliminary Injunction.

203.    Denied as stated; the Order speaks for itself and the Commissioners would refer to the text of the Order in response to this allegation.

204.    Admitted.

205.    Denied as stated; the Order speaks for itself and the Commissioners would refer to the text of the Order in response to this allegation.

206.    Admitted.

207.    Denied as stated; the Act and Joint Resolution speak for themselves and the Commissioners would refer to the text of the Act and Resolution in response to this allegation.

208.    Denied.

209.    Denied; except it is admitted only that the Commission has not made a determination on SCE&G's prudency petition.

210.    Denied.

211.    Denied.

212.    Denied; to date SCE&G has made no request for adjustment of the "experimental rate" and the Commissioners cannot speculate on the outcome of any such request.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied as stated; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

219.    Denied as stated; the BLRA speaks for itself and the Commissioners would refer to the text of the BLRA in response to this allegation.

220.    Admitted on information and belief.

221.    Denied.

222.    Admitted on information and belief.

223.    Denied as stated, the merger agreement speaks for itself and the Commissioners would refer to the text of the agreement in response to this allegation.

224.    Denied as stated, the merger agreement speaks for itself and the Commissioners would refer to the text of the agreement in response to this allegation.

225.    Denied as stated, the merger agreement speaks for itself and the Commissioners would refer to the text of the agreement in response to this allegation.

226.    Denied as stated, the merger agreement speaks for itself and the Commissioners would refer to the text of the agreement in response to this allegation.

227.    Denied as stated, the merger agreement speaks for itself and the Commissioners would refer to the text of the agreement in response to this allegation.

228.    Denied for lack of sufficient information and because it calls for speculation about future events.

229.    Admitted on information and belief.

230.    Admitted.

231.    Admitted.

232.    Denied as stated; the Act speaks for itself and the Commissioners would refer to the text of the Act in response to this allegation; it is further denied that the Act expressly contemplates that it will interfere with the merger.

233.    Denied.

234.    Denied for lack of information and because it calls for speculation about future

events.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied as applied to SCE&G's claims against the Commissioners.

239.    The Commissioners incorporate by reference all responses to the allegations contained in the preceding paragraphs, as if fully set forth herein.

240.    Denied on the grounds that this allegation asserts a conclusion of law.

241.    Denied on the grounds that this allegation asserts a conclusion of law.

242.    Denied.

243.    Denied; the Commissioners lack sufficient knowledge of SCE&G's mental state or motivations regarding what it relied on in investing in construction of new nuclear facilities.

244.    Denied on the grounds that this allegation states a conclusion of law.

245.    Denied.

246.    Denied.

247.    Denied on the grounds that this allegation states a conclusion of law.

248.    Denied.

249.    Denied on the grounds that this allegation states a conclusion of law.

250.    Denied on the grounds that this allegation states a conclusion of law.

251.    Denied.

252.    Denied.

253.    Denied.

254.    The Commissioners incorporate by reference all responses to the allegations contained in the preceding paragraphs, as if fully set forth herein.

255.    Denied on the grounds that this allegation states a conclusion of law.

256.     Denied on the grounds that this allegation states a conclusion of law.

257.     Denied.

258.     Denied.

259.     Denied.

260.     Denied.

261.     Denied.

262.     Denied.

263.     Denied.

264.     The Commissioners incorporate by reference all responses to the allegations contained in the preceding paragraphs, as if fully set forth herein.

265.     Denied on the grounds that this allegation states a conclusion of law.

266.     Denied on the grounds that this allegation states a conclusion of law.

267.     Denied on the grounds that this allegation states a conclusion of law.

268.     Denied.

269.     Denied.

270.     Denied; the Act speaks for itself and the Commissioners would refer to the text of the Act and the BLRA in response to this allegation; further, the Commissioners lack sufficient information regarding SCE&G's mental state and motivations in deciding to pursue the Project in the first place.

271.     Denied; the Joint Resolution speaks for itself and the Commissioners would refer to the text of the Resolution in response to this allegation.

272.     Denied.

273.     Denied.

274.     Denied.

275.     The Commissioners incorporate by reference all responses to the allegations

contained in the preceding paragraphs, as if fully set forth herein.

276.    Admitted.

277.    Admitted.

278.    Denied on the grounds that this allegation states a conclusion of law.

279.    Denied.

280.    Denied.

281.    Denied.

282.    Denied.

283.    Denied.

284.    Denied.

WHEREFORE, having answered the allegations of SCE&G's First Amended Complaint, the Commissioners respectfully ask the Court to deny SCE&G any relief thereon.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.    SCE&G's First Amended Complaint fails to allege facts sufficient to state any claims upon which relief may be granted against the Commissioners, and therefore, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

2.    SCE&G is not entitled to a declaratory judgment because it is merely seeking a ruling that the Commissioners' past conduct constituted a violation of its rights, including property rights at issue in proceedings currently before the Commission, and therefore, fails to state a plausible claim for relief, and improperly seeks to assert, as an affirmative claim, a defense to rate reductions in the proceedings before the Commission.

### THIRD DEFENSE

3.    SCE&G's claims for declaratory and injunctive relief fail because it seeks relief

that violates the separation of powers, federalism, and comity doctrines, and the Court should abstain from exercising jurisdiction over SCE&G's claims.

## FOURTH DEFENSE

4.    SCE&G's claims for equitable relief fail because it has an adequate remedy available at law and cannot show the other requirements for equitable relief, and therefore, SCE&G is not entitled to equitable relief.

## FIFTH DEFENSE

5.    The Commissioners are entitled to immunity under the Eleventh Amendment of the U.S. Constitution because they are agents of the State of South Carolina and, thus, treated as the state itself, the state has not consented to be sued by its own citizens in federal court, and the Commissioners have no responsibility for enforcement of the Act 287 or Resolution 285.

## SIXTH DEFENSE

6.    SCE&G's First Amended Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 because the complaint contains no allegations plausibly showing a person, acting under color of state law, violated its constitutional rights.

## SEVENTH DEFENSE

7.    The Court lacks subject-matter jurisdiction over SCE&G's claims pursuant to the Johnson Act, 28 U.S.C. § 1342.

WHEREFORE, the Commissioners pray that SCE&G's First Amended Complaint be dismissed, with costs, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HALLIGAN MAHONEY WILLIAMS SMITH
FAWLEY & REAGLE, PA

By:     s/John M. Reagle
John M. Reagle, Fed. I.D. No. 7723
jreagle@hmwlegal.com

Thomas K. Barlow, Fed I.D. No. 7483
tbarlow@hmwlegal.com

P.O. Box 11367
Columbia, South Carolina 29211
(803) 254-4035

*Attorneys for Defendants*

August 16, 2018
Columbia, South Carolina